IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ALICIA SANBORN, | ) | |
| | ) | Civil Action |
| Plaintiff, | ) | No. |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| WELLSTAR HEALTH SYSTEM, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## **COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff, Alicia Sanborn ("Plaintiff"), by and through undersigned counsel, and files this Complaint for Damages against Defendant Wellstar Health System, Inc. ("Defendant" or "Wellstar") and alleges as follows:

## **NATURE OF THE ACTION**

This is an action for legal and equitable relief under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. arising from Defendant's sex discrimination, hostile work environment, and retaliation against Plaintiff Alicia Sanborn.

1

**JURISDICTION AND VENUE**

1.

This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 because this action arises under the laws of the United States, specifically Title VII of the Civil Rights Act of 1964.

2.

The unlawful employment practices alleged in this Complaint were committed within this district, including Defendant's facilities in Marietta, Georgia. Venue is proper in this District under 28 U.S.C. §1391 and 42 U.S.C. §2000e-5(f)(3).

**PARTIES**

3.

Plaintiff Alicia Sanborn is a resident of Powder Spring, Georgia. Plaintiff was employed by Defendant as Executive Director of Nursing, Digestive Health Service Line, beginning in June 2021.

4.

Defendant Wellstar Health System, Inc. is a corporation headquartered in the State of Georgia and employs more than 500 individuals. Defendant may be served with process through its registered agent, Leo E. Reichert, at 793 Sawyer Road, Marietta, Georgia 30062.

2

## ADMINISTRATIVE EXHAUSTION

5.

Plaintiff filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC), Charge No. 410-2024-13703, alleging sex discrimination, hostile work environment, and retaliation.

6.

On or about August 21, 2025, the EEOC issued Plaintiff a Notice of Right to Sue.

7.

This action is timely filed within 90 days of Plaintiff's receipt of the Notice.

## FACTUAL ALLEGATIONS

8.

In June 2021, Plaintiff was hired as the Executive Director of Nursing for Defendant's Digestive Health Service Line.

9.

Plaintiff is a woman and a member of a protected class.

10.

From the beginning of her employment, Board Member and Service Line Chief Arif Aziz subjected Plaintiff and other women to harassment and belittlement because of their gender.

11.

Six weeks after Plaintiff began, Aziz stated that Terryl Brand, Director of the GI Clinic, was "worthless" and "useless" and told Plaintiff to "watch what he was going to do to her" because he was going to humiliate her on a call.

12.

Aziz rarely treated male employees this way and never called them worthless or useless. The turnover rate in Aziz's group was 100%, reflecting the impact of his conduct.

13.

From June 2021 through approximately February 2023, Plaintiff did not frequently witness how Arif Aziz interacted with other employees because of her role.

4

14.

During this period, however, Plaintiff herself was harassed by Aziz, and she witnessed or learned of gender-based belittling actions and harassment directed toward women on average twice per week.

15.

Aziz routinely made disparaging comments about female employees, calling them "worthless," "whiny," "useless," and "drama."

16.

Aziz belittled Plaintiff's work, telling others that she "did not know what she was doing."

17.

Beginning in or about September 2022, Aziz subjected Dr. Summer Salim to ongoing harassment, referring to her as "needy," "difficult," and "dramatic" on a regular basis.

18.

In late 2022 or early 2023, Dr. Salim reported to Plaintiff that she believed Aziz was treating her differently because she was a woman.

19.

In or about July 2021, Aziz told Plaintiff that Lorraine Miller, Nurse Manager of the Kennestone GI Lab, was "useless" and "worthless" and demanded that Plaintiff fire her.

20.

Aziz continued making such comments about Miller through October 2023.

21.

As late as 2023, Plaintiff heard from Kelley Williams, Assistant Vice President of the Digestive Health Service Line, that Aziz was continuing to disparage Miller in the same manner.

22.

Aziz also made repeated comments about nurse Jennifer Azelton, referring to her as "useless" and "worthless."

23.

Aziz stated that he wanted to fire Azelton because she was on Family and Medical Leave Act leave and that he wanted to deny her that leave.

24.

In February 2023, Plaintiff was appointed to serve as Interim Assistant Vice President of the Digestive Health Services Line.

25.

In that role, Plaintiff began to witness more interactions between Arif Aziz and other employees and realized that his harassment of both her and others was based on gender.

26.

Between February 2023 and October 2023, while serving as Interim Assistant Vice President, Plaintiff was harassed by Aziz or witnessed his gender-based belittling of women approximately three times per week.

27.

During this period, Aziz continued the same pattern of comments about women, calling them "stupid," "useless," and "drama," while also belittling Plaintiff's own work.

28.

In or about July 2023, while Plaintiff was interviewing for the permanent Assistant Vice President position, Aziz mocked her personally by asking questions such as "do you actually have friends?"

29.

In that same timeframe, Aziz told Plaintiff that "nobody liked" her and sarcastically commented that it was "funny" people in the workplace thought she "actually worked hard," despite her working approximately seventy hours per week.

30.

As another example of gender-based harassment, in July 2022, Aziz demanded that Plaintiff terminate Advanced Practice Nurse Jennifer Sergeant.

31.

Aziz also instructed Plaintiff that she was not allowed to give Sergeant a positive performance review, even though Sergeant had consistently received stellar evaluations from her supervisors.

32.

While Plaintiff was Interim Assistant Vice President, Aziz repeatedly referred to Sergeant as "stupid," "useless," and "drama."

33.

In this same time frame, Aziz also attempted to deny Sergeant's legitimate Family and Medical Leave Act leave.

34.

According to performance metrics, Sergeant was the most productive nurse in her pod, yet she was targeted for harassment by Aziz.

35.

Between December 2022 and approximately March 2023, Aziz told Plaintiff on at least six occasions, when she disagreed with him, that she reminded him of his wife.

36.

In October 2023, Plaintiff returned to her position as Executive Director of Nursing.

37.

From October 2023 to the present, Plaintiff has been harassed by Arif Aziz or has witnessed his gender-based belittling of women approximately three times per week.

38.

During this time, Plaintiff learned from Kelley Williams that Aziz referred to Plaintiff as "useless" and "worthless," and that Aziz stated he wanted Plaintiff terminated.

9

39.

Aziz's harassment included constantly belittling women, including Plaintiff, in varying degrees.

40.

Aziz frequently referred to women as "whiny," "useless," "drama," and "stupid."

41.

Aziz regularly dismissed or ignored the opinions of women.

42.

When women disagreed with him, Aziz escalated his belittlement toward them.

43.

Aziz almost always addressed women in a condescending tone.

44.

Aziz berated women to the point that they cried and, in some cases, resigned from their positions.

45.

Subordinate employees specifically reported that Aziz made them cry and that his treatment of them was gender-based.

46.

For example, in or about December 2023, employee Shana Swain reported being reduced to tears by Aziz's harassment.

47.

On or about March 28, 2024, nurse Clay Barton reported to Plaintiff that Aziz was saying she "did not know how to do her job," but that she "would be moving jobs soon."

48.

Plaintiff reported these comments from Barton to Dr. Valery Akopov the same day.

49.

Plaintiff has never received a write-up while employed at Wellstar.

50.

Plaintiff has consistently received positive performance reviews.

51.

In August 2023, Dr. Akopov informed Plaintiff that she was ranked in the top ten percent of executives in her review.

52.

In August 2024, Plaintiff again received perfect scores in her performance evaluation.

53.

In January or February 2024, Kelley Williams reported Aziz's harassment to Human Resources employee Ashley James, stating that Aziz was targeting female employees.

54.

Kelley Williams made additional reports to James, including in July 2024, when James admitted she was glad Willaims spoke up because she could not, and acknowledged that Defendant would do nothing about Williams' reports.

55.

Employees have previously reported Aziz's behavior, yet Respondent took no corrective action; in some instances, those employees were terminated shortly thereafter.

56.

Other employees who reported this harassment were told by the very individuals to whom they complained to "leave it alone," including Akopov, who,

upon information and belief, was instructed to do so by Respondent's Senior Vice President of Human Resources, David Jones.

57.

Aziz regularly ignored Plaintiff's opinions and interrupted her while she was speaking.

58.

On multiple occasions, when Plaintiff told Aziz not to speak to her disrespectfully, Aziz simply walked away from her.

59.

During Plaintiff's employment, Aziz repeatedly instructed her to terminate or transfer various female employees without legitimate reason.

60.

Aziz justified these demands by labeling the women as "drama," "stupid," or similar derogatory terms.

61.

Aziz never instructed Plaintiff to terminate a male employee in this manner.

13

62.

Plaintiff alleges that Aziz has repeatedly harassed Plaintiff and other female employees and, shortly thereafter, has made purposeful, veiled threats in response to anticipated reporting.

63.

In particular, Aziz would (a) remind employees that he sits on Respondent's Board; (b) state that he is friends with Respondent's CEO, Candice Saunders, who supports him; and (c) warn that people who disagree with or go against him "do not win," explicitly stating that employees who reported him previously were terminated.

64.

On July 5, 2024, Plaintiff, together with Kelley Williams, Assistant Vice President of the Digestive Health Service Line, submitted a written report via Respondent's Compliance email hotline concerning harassment of women in the workplace by Aziz.

65.

The report specifically stated that Aziz made discriminatory comments toward women, including repeatedly referring to them as "whiny," "useless," and "worthless."

66.

The report further stated that Aziz refused to listen to women and generally ignored them; on one occasion, when Plaintiff disagreed with him, he told Plaintiff that she "reminded him of his wife."

67.

The report also detailed incidents in which Aziz berated women until they cried and noted that other employees had reached out to report the negative mental-health effects of Aziz's harassment.

68.

Plaintiff further alleges that the July 5, 2024, report included that Aziz instructed Plaintiff and Amanda Briscoe, Director of Practice Operations for the Digestive Health Service Line, to terminate employee Jennifer Azelton because she sought leave under the Family and Medical Leave Act (FMLA).

69.

Upon information and belief, Aziz harassed and belittled Ms. Briscoe until she resigned in or about May 2024.

70.

Plaintiff alleges that, since that report, Dr. Aziz's mistreatment of female employees has persisted; upon information and belief, Plaintiff continues to hear of such conduct approximately four times per week.

71.

Since the July 5, 2024, report, Plaintiff is informed by Kelley Williams that Aziz continues to disparage female employees, including Ms. Sergeant, calling her "useless," "worthless," and "lazy."

72.

Upon information and belief, Aziz is attempting to have Ms. Sergeant transferred despite her being the most senior Advanced Practice Nurse in his pod and remaining the most productive.

73.

Upon information and belief, Aziz has also ordered or sought the transfer of Patricia Chambers, another female Advanced Practice Nurse.

74.

Williams further reported that Aziz told Ms. Chambers he intended to give her a negative performance review and that he continues to belittle her during meetings and otherwise mistreat her.

75.

Upon information and belief, both Ms. Sergeant and Ms. Chambers are now required to work one day per week at a different location because of Aziz's actions.

76.

On or about July 25, 2024, Plaintiff met with Human Resources representative Angel LNU.

77.

Plaintiff reported her belief that Aziz knew Plaintiff had reported him and that, shortly after the report, Aziz requested Plaintiff's job description.

78.

Plaintiff further reported that, since the outset of her employment with Respondent, Aziz made threats about the consequences of reporting his conduct.

79.

Specifically, Aziz stated that employees who reported him "got fired," and he identified particular employees who, after reporting him, were subsequently terminated.

80.

During the meeting, Plaintiff provided examples of Aziz's conduct toward Plaintiff and other staff members to substantiate her complaint.

81.

On or about August 15, 2024, Plaintiff, together with Kelley Williams, reported Aziz's continuing misconduct to Akopov.

82.

Williams stated that she and Plaintiff were working in a gender-based hostile work environment and that prior complaints had received no response.

83.

Upon information and belief, Akopov acknowledged that Plaintiff and Williams were being subjected to a gender-based hostile work environment and stated it would not be hard to prove.

84.

Upon information and belief, Akopov further stated that his own attempts to report the conduct had failed and were covered up by Respondent.

85.

Plaintiff has also experienced issues concerning Dr. Alberto Fernandez Bravo ("Dr. Bravo") and his treatment of women.

18

86.

In or about October 2023, it was reported to Plaintiff that Dr. Bravo was mistreating female patients, disregarding their concerns, and failing to provide appropriate treatment.

87.

Plaintiff forwarded this information to Aziz and Akopov.

88.

Thereafter, Plaintiff met with female employees who reported that Dr. Bravo mistreated female staff, including by referring to them as "secretaries" and otherwise belittling them.

89.

Plaintiff subsequently met with Dr. Bravo, with Aziz present. During that meeting, Aziz stated that the focus needed to remain on employee mistreatment, because no Advanced Nurse Practitioner could direct a physician's patient care.

90.

Plaintiff and Aziz informed Dr. Bravo that he needed to treat employees appropriately. Dr. Bravo responded that he was the "commander" and would speak to employees however he wanted.

19

91.

Following this meeting, Dr. Aziz refused to discuss Dr. Bravo's conduct further.

92.

In or about November 2023, a Black nurse reported to Plaintiff that Dr. Bravo called her "Obama." Plaintiff reported this allegation to Human Resources representative Antho Pickney.

93.

On or about February 12, 2024, Hillary Garreau reported to Plaintiff that Dr. Bravo had referred to a female as a "cunt," and had described Ms. Garreau's breast-milk pumping as "her boob thing," while making squeezing gestures on his chest to mock her.

94.

Plaintiff reported Ms. Garreau's February 12, 2024, complaint to Antho Pickney on or about February 13, 2024.

95.

Upon information and belief, no corrective action has resulted from any investigation into the above-described reports.

96.

Plaintiff is further informed and believes that Dr. Bravo posts videos to a YouTube channel in which he refers to women as "bitches," which has been reported to Plaintiff.

97.

Plaintiff believes she has been subjected to sex discrimination, retaliation, and a hostile work environment in violation of Title VII.

## COUNT I: SEX-BASED HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII

98.

Plaintiff realleges Paragraphs 8–97 as if fully set forth herein.

99.

Defendant subjected Plaintiff to unwelcome harassment because of her sex.

100.

The harassment was severe and pervasive, altered the terms and conditions of her employment, and created a hostile work environment.

101.

Despite Plaintiff's repeated complaints to management and Human Resources, Defendant failed to take prompt or effective remedial action. Instead,

21

Defendant permitted Aziz's harassment of Plaintiff and other female employees to continue and escalate.

## 102.

Plaintiff was subjected to a hostile work environment because of her gender, in violation of Title VII.

## 103.

As a direct and proximate result of Defendant's violations of Title VII, Plaintiff has suffered damages, including lost wages and emotional distress.

## 104.

Defendants willfully and wantonly disregarded Plaintiff's rights, and its actions toward Plaintiff were undertaken in bad faith. Plaintiff is therefore entitled to punitive damages.

## 105.

Defendant is liable for the unlawful actions of its managers, supervisors, and agents.

## 106.

Plaintiff is entitled to punitive damages, lost wages and benefits, compensatory damages, attorneys' fees and costs, prejudgment interest, reinstatement or front pay in lieu thereof, and any other relief available under the law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)    Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)    Grant Plaintiff damages for lost wages and benefits and prejudgment interest thereon;

(C)    Grant Plaintiff general damages for mental and emotional suffering caused by Defendant's unlawful conduct;

(D)    Grant declaratory judgment declaring that Plaintiffs' rights have been violated;

(E)    Grant Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(F)    Grant Plaintiff reasonable attorneys' fees and expenses of litigation;

(G)    Grant injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(H)    Award Plaintiff such further and additional relief as may be just and appropriate

This 25th day of September, 2025.

**THE WORKERS' FIRM**

*/s/ V. Severin Roberts, Esq*
V. Severin Roberts
Georgia Bar No. 940504
Douglas R. McMillan
Georgia Bar No. 621646
Patrick James Reid
Georgia Bar No. 888769
The Workers' Firm
7000 Central Parkway
Suite 1100, Office 23,
Atlanta, Georgia 30328
(404) 448-1789
severin@theworkersfirm.com
doug@theworkersfirm.com
patrick@theworkersfirm.com

Counsel for Plaintiff

24